# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**CHRISTOPHER N. WIELAND,**

        **Plaintiff,**

**v.**                                                                 **Case 2:22-cv-02648-TLP-cgc**

**BARTLETT POLICE DEPARTMENT**

        **Defendant.**

---

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Before the Court is Defendant Bartlett Police Department's ("Defendant") Motion to Dismiss Complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry (D.E.) #13). Pursuant to Administrative Order 2013-05,[1] the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I.  **Introduction**

On September 26, 2022, Plaintiff Christopher Wieland ("Plaintiff") filed a *pro se* Complaint alleging violations of 18 U.S.C. § 1341 and § 606.19.[2] Plaintiff alleges that the falsified Plaintiff asserts that he sustained "injuries, assault and battery against my person, and was raped with a needle in the shoulder due to the departments['] discriminatory disinterest in [his] emergency calls and calls to their non-emergency line requesting and demanding mediation and assistance over a 7 day period" while being held at Lakeside Behavioral Health System. (Comp. ¶¶ 2, 6.) (D.E. #1).

Specifically, Plaintiff alleges that on July 22, 2022, he phoned the Bartlett Police to inform them that he was being unlawfully detained. (*Id.* ¶ 3.) (D.E. #1). Plaintiff contends that he continued to call the emergency and non-emergency lines of the Bartlett Police several times to attain assistance but was ignored by the Bartlett Police. (*Id.* ¶¶ 3–4.) (D.E. #1). Upon Plaintiff's release from Lakeside Behavioral Health, Plaintiff visited the Bartlett Police Department to file a police report with Officer Hardgrave and Officer Gomez. (*Id.* ¶ 7.) (D.E.#1). Plaintiff alleges that because the officers did not follow-up with Plaintiff regarding the police report, Plaintiff called that station and was connected to Detective Bynum. (*Id.* ¶ 4.) (D.E. #1). Detective Bynum agreed to email the police report to Plaintiff, but upon receipt Plaintiff claims that it "had been falsified with over half of the issues experienced at the facility either left out of the report or rearranged in a different order changing the context." (*Id.*) (D.E. #1). Plaintiff asserts that he emailed Detective Bynum requesting to file another report to correct the inaccuracies, but Detective Bynum declined to respond. (*Id.*) (D.E. #1).

---

[2] Plaintiff specifically lists the following as causes of action in his complaint: "Dereliction of Duty, Cowardice, Falsifying Police Report, Corruption, Fruad [sic] & Swindle."

On November 9, 2022, Defendant filed a Motion to Dismiss of the Bartlett Police Department. (D.E. #13). Defendant argues as follows: (1) Court lacks subject-matter jurisdiction; (2) Bartlett Police Department is not a separate legal entity subject to suit; (3) the Complaint is devoid of any factual allegations demonstrating that Plaintiff's civil rights have been violated as a direct result of a municipal policy or custom; and (4) the City has not been served with process. (D.E. #13). Because Plaintiff failed to respond to the Motion to Dismiss within twenty-eight (28) days of filing an Order to Show Cause (D.E. # 20) was entered on June 8, 2023. On June 22, 2023, Plaintiff responded to the Order to Show Cause but did not address the issues raised in the Motion to Dismiss. (D.E. # 23)

II.    **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When addressing a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair

3

notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555). Still, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### III. Proposed Conclusions of Law

#### a. Lack of Subject-Matter Jurisdiction

Article III, Section II of the Constitution limits the jurisdiction of federal courts to cases and controversies. Federal courts must determine that they have jurisdiction before proceeding to the merits of a case *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95. (1998). Subject-matter jurisdiction can be established through diversity jurisdiction or federal question jurisdiction. Title 28 U.S.C. § 1332(a)(1) states:

> **(a)** The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is between —
> **(1)** citizens of different States;

28 U.S.C. § 1332(a)(1). Furthermore, all the defendants must be completely diverse from all the plaintiffs for federal jurisdiction based on diversity. *Strawbridge v. Curtiss*, 7 U.S. 267, 267. (1806). It is the plaintiff's burden to prove that the parties are completely diverse. Federal jurisdiction can also be established through a federal question. "Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a cause of action arises under federal law must be apparent from the face of the well-pleaded complaint." *Id.*

#### i. Diversity Jurisdiction

Upon filing of the complaint, Plaintiff does not allege his citizenship or domicile of any of the parties in this matter. There is nothing in the complaint which states the citizenship or domicile of Plaintiff aside from the hastily scribbled last known address (currently transient) on the last page

5

listed as "5556 Lake Otis Prky H169, Anchorage, AK 99507." Plaintiff also lists an alternative address as "Quality Inn & Suites, Germantown North, 7787 Wolf River Blvd., Germantown, TN 38138." Plaintiff's address is listed, on the Docket Record, as 2095 Exeter Road, Suite 80, Box 301, Germantown, TN 38138. A plaintiff must demonstrate the factual basis upon which diversity jurisdiction is predicated. Absent that, Plaintiff fails to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction. See *Farmer v. Fisher*, 386 Fed. Appx. 554, 557 (6th Cir. 2010). Thus, it is recommended that this Court lacks diversity jurisdiction.

### ii. *Federal-Question Jurisdiction*

The Plaintiff contends that the following statutes apply:

18 U.S.C. § 1341 – Frauds and Swindles
§ 606.19 – Dereliction of Duty

(Compl. ¶ 10.) (D.E. #1). Title eighteen of the United States Code § 1341 is titled "Frauds and swindles." This is a criminal statute regarding mail fraud. This is a criminal statute and does not create a private right of action. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979). The Plaintiff "possesses no private right of action against [Defendant] for alleged violations of those criminal statutes," and, "as a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of [Defendant] for [their] alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004). "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." *Hayes v. Cowans*, No. 2:14-CV-02366-STA-dkv, 2014 WL 2972298 at *9 (W.D. Tenn. July 2, 2014) (citing *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-CV-00264, 2012 WL 610191, at *4 (M.D.Tenn. Feb. 24, 2012).

6

Furthermore, there is no § 606.19 in the federal code. It is unclear exactly what section Plaintiff is referring. However, it appears that Plaintiff may be referring to an Ohio municipal ordinance titled "Dereliction of Duty." See e.g., Reading, Ohio Code of Ordinances Sec. 606.19 Dereliction of Duty; Hudson, Ohio Code of Ordinances Sec. 606.19 Dereliction of Duty. ("No law enforcement officer shall negligently . . . [f]ail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."). After citing the same statute in a lawsuit filed against the Germantown Police Department on September 26, 2022, Docket Number 2:22-cv-02652, Plaintiff filed a "motion to Withdraw Specific Allegations," more specifically, the "out of state statute specific to 'Ohio.'" (Case No. 2:22-cv-02652) (D.E. #14).

Because this statute and ordinance are either criminal or is only applicable in specific municipalities in Ohio, Plaintiff has not alleged a private action to establish federal-question jurisdiction. Therefore, it is recommended that this Court lacks federal-question jurisdiction.

### b. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Procedure provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). A plaintiff's complaint must contain enough facts to state a claim for relief that is plausible on its face to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when its allegations permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a legal claim, supported by mere conclusory statements, is insufficient to state a valid claim. *Id.* The court must accept all the factual allegations alleged in the complaint as true in favor of the plaintiff when considering a motion to dismiss. However, a court should dismiss a

PageID 91

complaint that amounts to "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Specifically, the 6th Circuit has stated, "To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recover under some viable legal theory.'" *Smith v. General Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021).

Here, Plaintiff has made many allegations including "falsifying & weaponizing a police report against my person" and "defamation in retaliation of free speech." (*Id.*) (D.E. #1). However, Plaintiff has failed to state any of these claims under a viable legal theory. None of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted. Therefore, it is recommended that Plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, Bartlett Police Department cannot be sued as a separate entity because "The Police Department and the Fire Department are only departments or agencies of the City, and they are not persons or autonomous government entities suable under § 1983 separate from the City." *Bunch v. City of Chattanooga*, No. 1:07-cv-73, 2007 WL 9734290 (E.D. Tenn. June 27, 2007). Therefore, it is recommended that Plaintiff's claim against the Bartlett Police Department fail as a matter of law.

### c. Insufficient Process

Courts can dismiss a case for insufficient process under Fed. R. Civ. P. 12(b)(5). Rule 4(j)(2) states the following:

> **(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT**.
> . . .
> **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

>   **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Tennessee Rules of Civil Procedure Rule 4.04(8) states:

>   The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>   . . .
>   **(8)** Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Here, according to the Declarations of A. Keith McDonald[3] and Edward J. McKenney, Jr.,[4] at no time did any of the Defendants authorize, appoint, or grant permission to any City of Bartlett employee to accept service of process on behalf of the City of Bartlett. (Decl. of A. Keith McDonald, ¶ 8) (D.E. #13-1); (Decl. of Edward J. McKenney, Jr., ¶ 7) (D.E. #13-2). It is recommended that since service of process was not delivered to Bartlett's chief executive officer or to the City Attorney, service of process was insufficient.

---

[3] A. Keith McDonald is the chief executive officer of the City of Bartlett, Tennessee.
[4] Edward J. McKenney, Jr. is the City Attorney for the City of Bartlett, Tennessee.

## IV.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that all of Plaintiff's claims be DISMISSED.

**SIGNED** this 26th day of June, 2023.

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**