IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND,<br><br>    Plaintiff,<br><br>v.<br><br>BARTLETT POLICE DEPARTMENT,<br><br>    Defendant. | )<br>)<br>)<br>)  No. 2:22-cv-02648-TLP-cgc<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING PENDING MOTIONS AS MOOT**

Plaintiff Christopher N. Wieland sued Defendant Bartlett Police Department pro se in September 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters. Defendant moved to dismiss about one month later. (ECF No. 13.)

Judge Claxton considered Defendant's motion and entered a Report and Recommendation ("R&R"). (ECF No. 25.) In that R&R, Judge Claxton recommends that this Court grant Defendant's motion to dismiss. (*See id.*) For the reasons below, the Court agrees with Judge Claxton's reasoning and **ADOPTS** her R&R. The Court therefore **GRANTS** Defendant's motion to dismiss (ECF No. 13) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**BACKGROUND**

Plaintiff's issues with Defendant stem from his interactions with the Bartlett Police—a government entity in Shelby County, Tennessee—in July 2022. (ECF No. 1 at PageID 1.) He

1

alleges that he called the Bartlett Police for help while Lakeside Behavioral Health System ("Lakeside")—a mental health clinic also in Shelby County, Tennessee—"unlawfully detained" him. (*Id.*) Despite repeatedly calling Defendant's emergency and non-emergency lines, Plaintiff alleges Defendant ignored his requests for help. (*Id.* at PageID 1–2.) After much alleged abuse at Lakeside—including that hospital staff "raped" him "with a needle in the shoulder"—the facility released Plaintiff. (*Id.*)

Upon his release, Plaintiff contends he visited Defendant's facility to file a police report. (*Id.* at PageID 2–3.) But, according to Plaintiff, Defendant did not follow up with him about that report. (*Id.* at PageID 2.) So he called again and was spoke with Detective Bynum. (*Id.* at PageID 3.) Detective Bynum allegedly agreed to email the police report to Plaintiff. When Plaintiff finally received it, however, he claims that it "had been falsified with over half of the issues experienced at the facility either left out of the report or rearranged in a different order changing the context." (*Id.*) And when Plaintiff requested that Detective Bynum correct those errors, Detective Bynum allegedly failed to respond. (*Id.*)

In September 2022, Plaintiff sued Defendant alleging violation of "18 U.S.C. §§ 1341, § 609.19 DERELICTION OF DUTY." (*Id.* at PageID 4.) And he lists these causes of action in his complaint: "Dereliction of Duty, Cowardice, Falsifying Police Report, Corruption, Fraud [sic] & Swindle." (*Id.* at PageID 1.) Defendant then moved to dismiss Plaintiff's complaint, arguing: (1) the Court lacks subject-matter jurisdiction; (2) Defendant is not a separate legal entity subject to suit; (3) Plaintiff does not allege facts demonstrating Defendant's municipal policy or custom violated his civil rights; and (4) Plaintiff did not serve Defendant with process. (*See* ECF No. 13.) Plaintiff did not timely respond to that motion. So Judge Claxton ordered Plaintiff to show cause "as to why the Court should not consider the Motion on the record before it" and

recommend granting Defendant's motion. (ECF No. 20.) Plaintiff responded to Judge Claxton's order to show cause but did so without addressing the issues in Defendant's motion to dismiss. (ECF No. 23.)

## **THE R&R**

After recounting the factual and procedural history here, Judge Claxton analyzed the legal positions and then recommended that this Court grant Defendant's motion to dismiss. (*See* ECF No. 25.) First, Judge Claxton correctly noted that federal courts must have subject-matter jurisdiction over a plaintiff's claims before it can consider the merits of those claims. (*Id.* at PageID 88.) That is, federal courts must have diversity jurisdiction or federal question jurisdiction. Because "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter[,]" Judge Claxton recommends that this Court lacks diversity jurisdiction. (*Id.*) Judge Claxton also recommends that this Court lacks federal question jurisdiction because the statutes and ordinances he cites "are either criminal or . . . only applicable in specific municipalities in Ohio." (*Id.* at PageID 89–90.)

Next, Judge Claxton noted the correct legal standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 90.) Under that standard, Judge Claxton then addressed Plaintiff's complaint. She notes Plaintiff's various claims against Defendant including "falsifying & weaponizing a police report against my person" and "defamation in retaliation of free speech." (*Id.* at PageID 91.) Because these grievances fail to state claims "under a viable legal theory[,]" and because "[n]one of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted[,]" Judge Claxton also recommends granting Defendant's motion under Rule 12(b)(6). (*See id.*)

Finally, Judge Claxton notes the correct legal standard under Rule 12(b)(5) for a plaintiff to properly serve process on a defendant. (*Id.*) And because Plaintiff did not properly serve process on "Bartlett's chief executive officer or to the City Attorney," Judge Claxton recommends dismissal because Plaintiff's "service of process was insufficient." (*Id.* at PageID 92.)

## **LEGAL STANDARD**

A federal magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R in late June 2023, and Plaintiff did not object.[1] And the time to do so has now passed. The Court therefore reviews the R&R (ECF No. 25) for clear error.

---

[1] After Judge Claxton filed her R&R, Plaintiff filed two documents. He titled the first his "Motion to Disqualify Opposing Counsel," and he argued there that Defendant's counsel violated two of the American Bar Association's Model Rules of Professional Conduct. (*See* ECF No. 26.) He titled his second document as his "Statement of Applicable Federal Statute for Standing," arguing only that he "has standing under . . . '42 U.S. Code § 1983 – Civil action for deprivation of rights.'" (*See* ECF No. 27.)

Neither of these filings explicitly objects to Judge Claxton's R&R. At best his "objections disput[e] the correctness of the [magistrate judge's] recommendation but fail[] to specify the

## **DISPOSITION**

Like Judge Claxton, for the reasons below, this Court finds that Plaintiff's complaint should be dismissed.

### I.     Failure to Establish Subject-matter Jurisdiction

Plaintiff has not established that this Court has subject-matter jurisdiction to hear his case. "Federal courts have subject-matter jurisdiction where there is complete diversity of citizenship." *Akno 1010 Mkt. St. St. Louis Mo LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing 28 U.S.C. § 1332(a)). And § 1331 "grants federal district courts subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006).

As Judge Claxton noted, "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter." (ECF No. 25 at PageID 88.) Section 1332 "authorizes a federal court to take diversity jurisdiction over a civil action only if the action is between 'citizens of different states." *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010). Because Plaintiff does not allege in his complaint the citizenship of the parties here, the Court agrees with Judge Claxton that he has failed "to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction." (ECF No. 25 at PageID 89 (citing *Farmer*, 386 F. App'x at 557).)

Nor can Plaintiff establish that this Court has federal question jurisdiction to hear his claim. First, he lacks standing to bring a claim against Defendant under the criminal statute he

---

findings believed to be in error . . . ." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Such a failure results in the district court treating a party's objections as a general objection to the entire magistrate judge's report. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). And "[a] general objection is considered the equivalent of failing to object entirely." *Id.* Either way, the Court reviews the R&R for clear error.

cites in his complaint. (ECF No. 1 at PageID 4.) This is because Plaintiff is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff may bring allegations of criminal behavior to his local police, the FBI, or another appropriate law enforcement agency, but only the government, in coordination with a law enforcement agency, can initiate a criminal case. *See id.*

Second, Plaintiff lacks standing to bring a claim against Defendant under the Ohio municipal ordinance he cites. (*See* ECF No. 1 at PageID 4; ECF No. 25 at PageID 90.) As Judge Claxton explains "[b]ecause this statute and ordinance are either criminal or is only applicable in specific municipalities in Ohio, Plaintiff has not alleged a private action to establish federal-question jurisdiction." (ECF No. 25 at PageID 90.) As a result, the Court lacks subject-matter jurisdiction here.

## II.     Failure to State a Claim

This Court also agrees with Judge Claxton that Plaintiff's complaint fails to state a claim upon which relief can be granted. (*See id.*) Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for such a failure. *See* Fed. R. Civ. P. 12(b)(6). And when they do, courts assess whether a complaint states a claim using standards from *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Court agrees with Judge Claxton's analysis on this point:

> Plaintiff has made many allegations including "falsifying & weaponizing a police report against my person" and "defamation in retaliation of free speech." However, Plaintiff has failed to state any of these claims under a viable legal theory. None of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted. . . .
>   Furthermore, Bartlett Police Department cannot be sued as a separate entity because "[t]he Police Department and the Fire Department are only departments or agencies of the City, and they are not persons or autonomous government entities suable under § 1983 separate from the City." Therefore, it is recommended that Plaintiff's claim against the Bartlett Police Department fail as a matter of law.

(ECF No. 25 at PageID 91 (internal citations omitted)); *see also Bunch v. City of Chattanooga*, No. 1:07-cv-73, 2007 WL 9734290 (E.D. Tenn. June 27, 2007). And so, Plaintiff has failed to state a claim under Rule 12(b)(6).

### III.   Insufficient Service of Process

Finally, this Court agrees with Judge Claxton that dismissal under Rule 12(b)(5) is warranted here. A court may dismiss a complaint for "insufficiency of service of process" under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). It is the plaintiff's job to have the summons and complaint timely served on a defendant—that is, effect service of process—as Rule 4 prescribes. *See* Fed. R. Civ. P. 4. "Courts may look to 'record evidence' and 'uncontroverted affidavits' in

determining whether plaintiffs have met this burden." *See Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015)).

Rule 4(j)(2) provides how a plaintiff should serve a state or local government like Defendant here:

> A state, a municipal corporation, or any other state created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B).

Defendant here is a governmental organization in Tennessee. So under Federal Rule 4(j)(2)(B), Plaintiff may also serve process under Tennessee Rules of Civil Procedure Rule 4.04. To do so properly,

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> . . . .
> (8) Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Tenn. R. Civ. P. 4.04(8).

Based on affidavits of Keith McDonald—the chief executive officer of Bartlett, Tennessee, and Edward J. McKenney, Jr.—the City Attorney for the same, Judge Claxton found that service of process was insufficient here. (*See* ECF No. 25 at PageID 92 (citing ECF Nos. 13-1, 13-2).) Relying on those affidavits, Judge Claxton writes "at no time did . . . Defendant[] authorize, appoint, or grant permission to any City of Bartlett employee to accept service of process on behalf of the City of Bartlett." (*Id.*) In short, the Court agrees with Judge Claxton

8

that Plaintiff did not properly serve of process on Defendant as required by the federal or Tennessee rules of civil procedure.

Rule 4(m) gives plaintiffs ninety days to effect service of process, but that Rule also contemplates scenarios that justify enlarging that timeline:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)). It has been more than ninety days since Plaintiff filed his complaint, and he has not asked for an extension, much less shown good cause for this failure. But even if the Court gave him more time to serve Defendants, such service would be futile for the reasons discussed above. And so the Court will not extend Plaintiff's time to serve Defendant with process, nor will it dismiss Plaintiff's action *without* prejudice. *See Tagert v. Anakeesta, LLC*, No. 3:19-cv-294, 2021 WL 6427962, at *3 (E.D. Tenn. Aug. 25, 2021) (denying the plaintiff's motion to amend and motion for extension of service of process when the allegations in the plaintiff's proposed amended complaint did not cure jurisdictional defects).

## CONCLUSION

The Court has reviewed Judge Claxton's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R, **GRANTS** Defendant's motion to dismiss, and **DISMISSES** Plaintiff's claims against Defendant **WITH PREJUDICE**. Because the Court dismisses the claims against Defendant now, the Court also **DENIES AS MOOT** Plaintiff's motions filed following Judge Claxton's R&R (ECF Nos. 26, 27) and Plaintiff's pending Motion to Remove Judges & Change Venue (ECF No. 22).

**SO ORDERED**, this 31st day of July, 2023.

                                                 s/ Thomas L. Parker  
                                               THOMAS L. PARKER  
                                               UNITED STATES DISTRICT JUDGE